FILED

2015 Mar-13  AM 10:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **REBECCA LEANNE ENGLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **6:14-cv-00137-LSC** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF OPINION

### I.      Introduction

The plaintiff, Rebecca L. England, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Ms. England timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. England was thirty-four years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she has an eleventh grade education. (Tr. at 46.) Her past work experiences include employment as a cashier and customer service representative. (Tr. at 47-49.)  Ms. England claims that she became disabled on

October 31, 2010, due to lower back pain, bilateral foot pain with multiple calluses, and an inability to stand for long periods of time. (Tr. at 50, 148.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v.*

*Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ first found that Ms. England meets the insured status requirements of the Social Security Act through September 30, 2013. (Tr. at 25.) He further determined that Ms. England has not engaged in substantial gainful activity since October 31, 2010, the alleged onset date of her disability. (*Id.*) According to the ALJ, Plaintiff's obesity; mild degenerative disc disease at the level of L2-3; bilateral foot pain with multiple calluses; and disc protrusions at T7-8, C3-4, and C5-6  are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 26.) After due consideration of the record, the ALJ determined Ms. England has the RFC to perform sedentary work as defined in 20 CFR § 404.1567(a) and § 416.967(a) except she would need the

option of briefly standing approximately every 30 minutes in order to reposition herself. (Tr. at 27.)

According to the ALJ, Ms. England is unable to perform any of her past relevant work, and she is a "younger individual aged 18-44" with a "limited education," as those terms are defined by the regulations. (Tr. at 31.) The ALJ determined that transferability of skills is not an issue in this case. (*Id.*) Because Ms. England's ability to perform all requirements of sedentary work has been impeded by additional limitations, the ALJ relied on testimony from a vocational expert ("VE") to find that there is a significant number of jobs in the state and national economies that she is capable of performing, such as toy stuffer, eyeglass frames polisher, and wire wrapper. (*Id.*) The ALJ concluded his findings by stating that Plaintiff "has not been under a 'disability,' as defined in the Social Security Act, at any time from October 31, 2010, through the date of this decision." (Tr. at 32.)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone*

*v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its

entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

The Court interprets Ms. England's brief as alleging that the ALJ's decision should be reversed and remanded for two reasons. First, she believes that the ALJ failed to adequately consider her subjective complaints of pain in reaching his disability finding. (Doc. 10 at 11.) Second, Plaintiff contends that the ALJ failed to fully consider her impairments in combination with each other, and specifically appears to argue that the ALJ should have devoted more discussion in his opinion to her claim that she has fibromyalgia. (*Id.*)

### A. Credibility Determination

Ms. England contends that the ALJ improperly evaluated her credibility in his finding that she was not disabled. (Doc. 10 at 11.) Her specific complaints were that she experienced severe lower back and foot pain that rendered her unable to sit longer than 30 minutes without repositioning, stand longer than 20 minutes, or walk longer than 5 minutes without a break. (Tr. at 51-52). She also complained of

numbness in her left leg and foot due to her back pain and plantar warts, and of severe headaches. (Tr. at 50-51, 53).

Subjective complaints of pain and other symptoms may establish the presence of a disabling impairment if they are supported by medical evidence. *See Foote v. Chater,* 67 F.3d 1553, 1561 (11th Cir. 1995). In order to establish disability based on subjective complaints of pain, the claimant must provide "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 1991) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see also Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986). Nonetheless, the ALJ is permitted to discredit the claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements."). In making a credibility determination, an ALJ may consider the

opinions of treating physicians and consultative examiners, as well as those of other medical doctors. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The credibility determination does not need to refer to "every piece of evidence in his decision [regarding credibility], so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the district court] to conclude that [the ALJ] considered her medical condition as a whole." *Dyer*, 395 F.3d at 1210-1211.

Here, the ALJ determined that Ms. England presented evidence of medically determinable underlying impairments that could reasonably be expected to cause her alleged symptoms. (Tr. at 28).  However, he found that the medical record did not contain sufficient evidence that Ms. England's allegations of disabling pain would preclude her from the performance of sedentary work with additional restrictions. (*Id.*) Substantial evidence supports the ALJ's credibility determination here.

First, as the ALJ noted, there are few medical records in this case. (Tr. at 28, 193-247).  As such, Plaintiff failed to provide sufficient evidence to support her subjective complaints of disabling pain and other symptoms. Even though Plaintiff offered numerous complaints and was diagnosed with different medical conditions, subjective complaints and diagnoses alone do not establish that she was as limited as she claimed. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005)

("the mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard").

Secondly, and as discussed by the ALJ, the objective testing and medical data that is in the record does not support a conclusion that Plaintiff's condition caused disabling limitations. (Tr. at 28-31, 193-247). *See* 20 C.F.R. §§ 404.1529(c)(2), (4), 416.929(c)(2),(4).  For example, a consultative medical examination by Dr. Bhat on May 12, 2011, did not reveal significant or disabling abnormalities. (Tr. at 224-228). While he found that Plaintiff had decreased range of motion in her cervical and lumbar spine, her muscle strength and gait were normal and her heel and toe weight-bearing were normal. (Tr. at 224-228). X-rays of Plaintiff's lumbar spine showed only mild degenerative changes at the L2-L3 level with mild increase in her lumbar lordosis. (Tr. at 231). Dr. Bhat diagnosed Plaintiff with low back pain, obesity and bilateral foot pain with multiple calluses, but placed no restrictions on her ability to work. (Tr. at 224-228). MRI scans of Plaintiff's spine also failed to support Plaintiff's claims of disability. (Tr. at 247-249).  Additionally, although there is no evidence that Plaintiff complained of back pain or received any treatment for back pain after 2001, she told Dr. Bhat that she had experienced back pain for a long time and that it had worsened over the past year. (Tr. at 224-228). Plaintiff also told Dr. Bhat that she had not been able to seek medical help because

she had no insurance. (Tr. at 224-228). However, records from Whatley Health Services show that she received medical treatment from January 2010 through April of 2011, which were the months prior to Dr. Bhat's examination. (Tr. at 205-213, 224-228). These treatment records show medical treatment during that time, but not for the problem she reported to Dr. Bhat.

Three months after seeing Dr. Bhat, Plaintiff returned to Whatley Health Services in August 2011. (Tr. at 241). At that visit, Plaintiff reported that she had filed for disability. (Tr. at 241).  However, thereafter, she sought limited medical attention at Whatley Health Services including one visit in each of the following months: January 2012, February 2012 and May 2012. (Tr. at 242, 243, 246). The records did not show disabling pain or any significant work-related limitation. Rather, in May 2012, Plaintiff was encouraged to exercise. (Tr. at 246).

Additionally, Plaintiff's neurosurgeon, Dr. Shenai, reviewed the evidence and noted that Plaintiff's thoracic spine MRI showed a tiny disc protrusion at T7-8 without any compression of the spinal cord or nerve root. (Tr. at 247-249). Plaintiff complained to Dr. Shenai in April 2012 only of low back pain, not neck or arm pain. (*Id.*)  Despite some significant disc disease in Plaintiff's neck, Dr. Shenai found she did not have any symptoms associated with that disc disease and surgical intervention was not warranted. (Tr. at 247-249). He referred Plaintiff for further

pain management treatment and recommended physical therapy. (Tr. at 249). However, Plaintiff was not restricted from work activity. (Tr. at 247-249). The foregoing treatment history establishes that Plaintiff's subjective complaints of pain were not as limiting as alleged, and the ALJ properly considered Plaintiff's treatment history as a factor in assessing her credibility. *See* 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v).

Further, the ALJ also properly noted Plaintiff's activities in evaluating the credibility of her allegations. (Tr. at 29). *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). In reviewing this evidence, the ALJ correctly noted that Plaintiff's activities are not indicative of the disabling pain and other symptoms she alleged. For instance, Plaintiff admitted performing light household chores and shopping. (Tr. at 29, 164-171). In addition, Plaintiff admitted that she is able to prepare meals, wash dishes, do laundry, drive and assist and care for her son. (Tr. at 29, 164-171). She also stated that she has no problem with paying attention and that she can finish what she starts. (Tr. at 28, 169). As the ALJ observed, such activities undermine her claim of disabling pain and her alleged inability to perform any work activity. As the foregoing demonstrates, substantial evidence supports the ALJ's decision to discredit Plaintiff's subject complaints of pain.

### B.    Failure to Fully Consider Impairments in Combination

Plaintiff also argues that the ALJ failed to consider her impairments in combination and argues that the evidence was "sufficient to establish a fibromyalgia diagnosis." (Doc. 10 at 12.) Social Security regulations require the ALJ to consider the combined effects of all impairments in evaluating disability:

> In determining whether your physical or mental impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. If we do find a medically severe combination of impairments, the combined effect of the impairments will be considered throughout the disability determination process. If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled.

20 CFR § 404.1523.

The ALJ's decision reveals that he properly considered Plaintiff's impairments in combination in rendering his findings. In fact, the ALJ specifically referenced and analyzed the "combination" of Plaintiff's impairments throughout his decision. (Tr. at 24, 26, finding no. 3). The Eleventh Circuit has stated that such statements constitute evidence that the ALJ considered the combined effects of the claimant's impairments. *See Wilson*, 284 F.3d at 1224-25.

With specific regard to Plaintiff's complaints about fibromyalgia, the ALJ referenced the fact that Plaintiff said she had fibromyalgia at two different points in

his decision. (Tr. at 26, 28). First, the ALJ stated at step two that "[t]he claimant has also alleged that she has headaches and fibromyalgia; however, there is no objective medical evidence to support such diagnoses." (Tr. at 26.) With no medical evidence in support, the ALJ did not find that fibromyalgia was a "severe" impairment. In any event, while the ALJ did not find fibromyalgia to be a "severe" impairment (tr. at 25-26), the ALJ found in Plaintiff's favor at step two and proceeded with the other steps of the sequential evaluation process. (Tr. at 25-30). *See* 20 C.F.R. § 404.1520(a)(4)(ii)-(v), 416.920(a)(4)(ii)-(v). Thus, "[e]ven if the ALJ erred in not indicating whether [a condition] was a severe impairment, the error was harmless because the ALJ concluded that [the claimant] had a severe impairment: and that finding is all that step two requires." *Heatly v. Comm'r of Soc. Sec.* 382 F. App'x 823, 824-25 (11th Cir. 2010). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe. Instead, at step three, the ALJ is required to demonstrate that it has considered all of the claimant's impairments, whether severe or not, in combination." *Id.* at 825. Secondly, the ALJ considered Plaintiff's statement to a physician that she "thought she had fibromyalgia" in his assessment of her RFC. (Tr. at 28.) The ALJ specifically noted that he considered "all symptoms" and conditions, which would have included Plaintiff's complaints of fibromyalgia, in the sequential

evaluation process. (Tr. at 25-30). In short, the medical evidence failed to show that Plaintiff's alleged fibromyalgia caused additional limitations beyond what the ALJ found in his RFC assessment. *See Sanchez v. Comm'r of Soc. Sec.*, No. 12-11762, 2013 WL 490029, at *4 (11th Cir. Feb. 8, 2013) (noting even if the ALJ erred at step two, the ALJ considered condition at other steps, the RFC finding accounted for all of claimant's limitations, and claimant failed to show what additional limitations her condition caused beyond limitations manifested by her other severe impairments). Thus, the ALJ properly assessed all of Plaintiff's claims and medical conditions and substantial evidence supports the RFC determination and his conclusion that Plaintiff was not disabled.

## IV.   Conclusion

Upon review of the administrative record, and considering all of Ms. England's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON MARCH 13, 2015.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704